IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. |
| v. | ) ) |
| KNOXVILLE ZOOLOGICAL GARDENS, INC. | ) ) COMPLAINT ) |
| | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Mildred Murphy. As described with more particularity herein, the Commission alleges that after a leave of absence, the Knoxville Zoological Gardens, Inc., (Knoxville Zoo) refused to rehire Mildred Murphy because of her age, 69, and continued to hire younger workers for the position sought by Ms. Murphy.

## JUSISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Knoxville Zoological Gardens, Inc., (the "Employer"), has continuously been a non-profit organization doing business in the State of Tennessee and the City of Knoxville and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. In or around March 2006, Defendant Employer engaged in unlawful employment practices at its Knoxville, Tennessee facility, in violation of Section 4(a) of the ADEA, 29

2

U.S.C. § 623 (a). The practices include failing to rehire Mildred Murphy after she took a leave of absence and was subject to a layoff from her job as Food Stand and Training Manager, all because of her age, then 69.

8. Ms. Murphy was in the protected age group (40 and over) at the time Defendant refused to rehire her.

9. She was a regular full-time employee for Defendant for sixteen years working in a food establishment.

10. Ms. Murphy's performance evaluations, while employed by Defendant, rated her as an above average employee until she experienced an extended illness that caused her to miss a lot of work in early 2005.

11. Effective April 2, 2005, Defendant changed Ms. Murphy's status to a seasonal worker due to her extended illness and absence from work.

12. Ms. Murphy was released by her doctor to return to work on April 27, 2005.

13. Defendant laid off Ms. Murphy (along with a number of other seasonal workers) on November 17, 2005, for lack of work.

14. Ms. Murphy repeatedly contacted management officials to inquire about being rehired, as positions became available in the spring and summer of 2006, but she was given the brush off or her calls were not returned.

15. She was not returned to work, due to her age, 69.

16. Instead, Defendant hired food service workers who were younger than Ms. Murphy and not more experienced. Defendant also hired numerous other younger individuals to work in the gift shop and other areas.

3

17. The effect of the practices complained of in paragraphs 7 through 16 above has been to deprive Ms. Murphy of equal employment opportunities and otherwise adversely affect her status as an employee because of her age, 69.

18. The unlawful employment practices complained of in paragraphs 7 through 16 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from failing to rehire employees, discharging employees and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Mildred Murphy.

D. Order Defendant Employer to make whole Mildred Murphy who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement; adjustment of wages, seniority and benefits to current levels; and restoration of medical insurance.

4

E.  Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
FAYE A. WILLIAMS
Regional Attorney
Tennessee Bar No. 011730

_____
STEVEN DILLS
Senior Trial Attorney
Tennessee BAR No. 11970

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-5784

5